In the opinion of his Honor, there is error. The judgment of the county court upon the award was final, in form at least, upon that point, and it materially affected the subject-matter in dispute. The defendant, against whose interest the judgment operated, had (376) a right to appeal to the Superior Court, that a review of the error of the county court might be had, if there was any. He *Page 263 
failed to do so, and the cause went on to be tried by the jury; and, upon a verdict and judgment against him, he appealed to the Superior Court. We are of opinion that the appeal did not take up the judgment of the county court upon the award. The objections to that judgment were waived by the plaintiff because he did not bring them forward in proper time, as he might have done by an appeal. Upon the appeal as taken, the award was not before the appelate [appellate] court, and the cause ought to have proceeded as it did in the county court. Harvey v. Smith,18 N.C. 189, recognizes the true and establishes an exception to it. That was a case of a petition for the reprobate of a will. In the county court the prayer for reprobate was granted, and issues were made up to try the validity of the will. These were submitted to a jury, who returned a verdict, and an appeal was taken to the Superior Court, where, upon motion, the proceedings were dismissed by the presiding judge for error in the judgment for reprobate of the will. The Supreme Court, after recognizing the rule herein stated, proceeds: "But,nevertheless, we are of opinion that where, upon a petition for a reprobate, and the same has been ordered and an appeal taken by either party from the ultimate sentence upon such a reprobate, that appeal places the entire cause in the revising court." And the reason given is that the petition must be considered as containing the allegations of those propounding the paper, and the ultimate judgment must be founded on those allegations, as admitted or proved. "If they will not authorize a sentence for the party propounding, the court is obliged to refuse to him such a sentence." The decision in that case rests upon the peculiar nature of the proceedings, which distinguish it from the present. But if the award had been before the court, the judgment affirming it was erroneous. Upon it face it was not final. (377)
PER CURIAM. Reversed, and order of procedendo.
Cited: Anders v. Anders, 49 N.C. 245.